IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| GEORGE-PAUL JONES,<br>Institutional ID No. 02493859 | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 1:23-CV-00047-BU |
| FNU WHITE, *et al.*, | § § § | |
| Defendants. | § § § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff George-Paul Jones, an inmate with the Texas Department of Criminal Justice (TDCJ), brings this action under 42 U.S.C. § 1983, alleging violations of his constitutional rights. Jones also filed suit in *Jones v. Abilene Police Department*, No. 1:23-CV-46-BU (hereinafter, "*Jones II*") and the Court consolidated both cases into the one here. Dkt. No. 13.

Jones's claims are subject to judicial screening under 28 U.S.C. §§ 1915, 1915A because he has been granted leave to proceed *in forma pauperis*, Dkt. No. 7, and he sues government officials, *see* Dkt. Nos. 1, 14. Jones has consented to the undersigned exercising the full jurisdiction of the Court in this case before consolidation, but not in *Jones II*. Dkt. No. 12. Thus, the undersigned shall proceed as though Jones has not consented.

As explained below, Jones has failed to maintain a current address with the Court; therefore, the undersigned RECOMMENDS that the Court DISMISSES WITHOUT

PREJUDICE Jones's claims under Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with a court order.

## I. FACTUAL AND PROCEDURAL HISTORY

### A.  Order Consolidating Cases

Jones filed this case and *Jones II* both on March 3, 2023. Dkt. No. 1; Dkt. No. 1 in *Jones II*. As mentioned above, Jones only consented to the undersigned exercising the full jurisdiction of the Court in this case before it was consolidated with *Jones II*. Dkt. No. 12. On February 15, 2024, The Court ordered the consolidation of both cases and administratively closed *Jones II*. Dkt. No. 13; Dkt. No. 18 in *Jones II*.

### B.  Jones's failure to maintain a current address

In its Notice and Instruction to Pro Se Party, the Court instructed Jones that he must notify the Court in writing if his address changed during the pendency of his case. Dkt. No. 3. The Court warned Jones that his claims could be dismissed if he failed to keep the Court apprised of his current address. *Id.* The Court provided Jones similar instructions and warnings in its Order granting him leave to proceed *in forma pauperis*, Dkt. No. 7 at 2, and Order to Complete Magistrate Judge's Questionnaire, Dkt. No. 14 in *Jones II*.

Recently, the Court learned that Jones's address on file may no longer be his current address. On June 20, 2024, the Court sent Jones an Order Requiring Notice of Intent to Proceed, requiring him to indicate to the Court whether he wished to proceed with his claims and to provide his current address. Dkt. No. 19. On June 26, 2024, the Order was returned as undeliverable. Dkt. No. 20.

## II.  LEGAL STANDARDS

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action sua sponte for failure to comply with court orders or for failure to prosecute. *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket and prevent undue delays in the disposition of pending cases. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31 (1962). A Rule 41(b) dismissal may be with or without prejudice. *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). A dismissal with prejudice is appropriate only where a litigant's acts or omissions are "the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action [with prejudice]." *Id.*

## III.  ANALYSIS

As demonstrated above, the Court ordered Jones to maintain a current address with the Court. Jones's failures to maintain a current address and comply with a court order support involuntary dismissal under Rule 41(b). *See Lewis v. Hardy*, 248 F. App'x 589, 593 n.1 (5th Cir. 2007) (per curiam) ("[T]he failure of *a pro se* litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute."). Because the undersigned does not believe that Jones has acted with bad faith or with delay in mind, the dismissal should be without prejudice to him refiling his claims.

## IV.  CONCLUSION

For the reasons above, the undersigned RECOMMENDS that the Court DISMISS WITHOUT PREJUDICE Jones's Complaints and all claims therein under Rule 41(b) for failure to comply with a court order.

## V.  RIGHT TO OBJECT

A copy of these Findings, Conclusions, and Recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these Findings, Conclusions, and Recommendations must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendations where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## VI.  TRANSFER OF CASE

The undersigned ORDERS that this case be TRANSFERRED back to the docket of the United States District Judge and designated as Civil Action No. 1:23-CV-47-H.

ORDERED this 27th day of June 2024.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE